

# Fourth Court of Appeals
## San Antonio, Texas

January 29, 2014

No. 04-14-00001-CR

Daniel James **WEEMS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 38th Judicial District Court, Medina County, Texas
Trial Court No. 12-12-11120-CR
Honorable Camile G. Dubose, Judge Presiding

# O R D E R

The trial court imposed sentence in the underlying cause on September 11, 2013. Because appellant did not file a timely motion for new trial, the notice of appeal was due to be filed October 11, 2013.[1] TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on October 28, 2013. TEX. R. APP. P. 26.3. On October 28, 2013, appellant filed a notice of appeal[2] and a motion for extension of time in the trial court.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed *in the court of appeals* within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See id*. Although appellant filed the notice of appeal and motion for extension of time within the fifteen day grace period, appellant filed his motion for extension of time with the trial court instead of with this court. It is therefore ORDERED that appellant show cause in writing within two weeks from the date of this order

---

[1] The deadline for filing the motion for new trial was October 11, 2013, and the motion for new trial was not filed until October 28, 2013. In an amended notice of appeal, appellant's attorney makes reference to the appellant having tendered his motion for new trial to his jailors on October 16, 2013; however, October 16, 2013 was after the October 11, 2013 deadline.

[2] We liberally construe appellant's letter requesting the trial court's permission to appeal as a notice of appeal.

why this appeal should not be dismissed for lack of jurisdiction.[3]  *See id.; see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).  All other appellate deadlines are SUSPENDED pending this court's resolution of the jurisdictional issue.

Catherine Stone, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 29th day of January, 2014.

Keith E. Hottle
Clerk of Court

---

[3] We also note the trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal."  The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's certification accurately reflects that the criminal case is a plea-bargain case.  *See* TEX. R. APP. P. 25.2(a)(2).  Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).